NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOREN RANCOURT, | No. 23-35064 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00189-JMK |
| v. | |
| JOEL BOLGER, Honorable; MICHAEL SHAFFER; CAMERON COMPTON, Attorney; PAMELA WASHINGTON, Honorable; GREGORY MILLER, Honorable; CHILD SUPPORT ENFORCEMENT DIVISION; HEATHER FUENTES; LESLIE DICKSON, Hon. Judge; MICHAEL COREY, Hon. Judge; PATRICK HANLEY, Hon. Judge; ALASKA BAR ASSOCIATION; STATE OF ALASKA; MUNICIPALITY OF ANCHORAGE; RYAN MONTGOMERY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted July 8, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Loren Rancourt appeals pro se from the district court's dismissal of his action alleging claims against the Municipality of Anchorage, its prosecutor, state court judges, and court staff arising out of state and city court child custody and domestic violence proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal, *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001), and we affirm.

The district court properly dismissed the state court judges and staff as immune from suit. Judge Miller, Judge Washington and Judge Bolger have absolute immunity for performing their judicial acts of making findings and issuing orders and decisions in the state court proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judges are immune from suit for their judicial acts unless they are acting in the "clear absence of all jurisdiction") (internal quotation marks omitted). Judicial immunity extends to court staff defendants Fuentes and Montgomery-Sythe for their acts of processing filings and paperwork for the state court cases. *See Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985) (explaining that judicial immunity extends to "officers whose functions bear a close association to the judicial process").

The district court properly dismissed municipal prosecutor Shaffer, who is

23-35064

immune for his acts of initiating and presenting the case related to plaintiff's violation of the state domestic violence protective order. *See Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (prosecutorial immunity extends to protect a prosecutor who "acts as an advocate in initiating a prosecution and in presenting the state's case.") (internal quotation marks omitted).

The district court properly dismissed the claims for injunctive and declaratory relief related to the state domestic violence case, child custody case, and civil appeals as barred by the *Rooker-Feldman* doctrine. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (explaining that the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment").

The district court properly dismissed the civil rights claims alleged against the municipality because plaintiff failed to allege specific facts to establish that a municipal policy or custom violated his constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (setting forth the standard for a §1983 municipal liability claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that conclusory statements without factual support are insufficient to survive a motion to dismiss). To the extent plaintiff sought to allege a substantive due process claim related to the municipal code, he failed to allege sufficient facts to show that any municipal code provision shocks the conscience. *See Rosenbaum*

3                                                                          23-35064

*v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (setting forth the standard for a substantive due process familial association claim).

We decline to consider matters not properly raised in either the opening brief or district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-35064